Filed 10/6/20  P. v. Patrick CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TERA LYNN PATRICK,<br><br>    Defendant and Appellant. | H047628<br>(Monterey County<br> Super. Ct. No. SC942111B) |

Tera Lynn Patrick appeals the trial court's summary denial of her petition to vacate her 1996 murder convictions and resentence her pursuant to Penal Code section 1170.95.  She contends, and the Attorney General concurs, that the trial court failed to follow the procedural requirements of the statute.  We agree, reverse the trial court's order, and remand the matter with directions to issue an order to show cause under Penal Code section 1179.95, subdivision (c) and hold a hearing pursuant to section 1170.95, subdivision (d).

### I.  FACTS AND PROCEDURAL BACKGROUND[1]

In November 1994, law enforcement officers discovered the bodies of Mr. and Mrs. Mason, who were managers of an apartment complex in Marina.  The Masons, who

---

[1] These facts are drawn from Patrick's probation report.

were located inside their apartment, had been beaten and their noses and mouths covered in duct tape. A pathologist found asphyxiation by smothering was the cause of death. A number of items, including a VCR, appeared to have been taken from the Masons' apartment. Patrick, who lived with her boyfriend Martin Torres, Jr. at the apartment complex managed by the Masons, was seen on video using an ATM card belonging to the Masons on the evening of the murders. A VCR belonging to the Masons was found inside Patrick's apartment.

On May 30, 1995, Patrick was charged by amended information with two counts of murder (Pen. Code, § 187[2]; counts 1 & 2), two counts of first degree residential robbery (§ 212.5, subd. (a); counts 3 & 4), residential burglary (§ 459; count 5), two counts of commercial burglary (§ 459; counts 6 & 7), and receiving stolen property (§ 496.1; count 8). Torres was also charged in the amended information with the murder, residential robbery, and residential burglary counts, as well as the special circumstances of having committed the murders while engaged in a robbery (§ 190.2, subd. (a)(17)(i)) and having committed multiple murders (§ 190.2, subd. (a)(3).)

On January 11, 1996, Patrick entered a guilty plea to two counts of second degree murder (§ 187; counts 1 & 2). As part of the plea agreement, the district attorney agreed to dismiss all remaining counts and allegations and stipulated that Patrick would receive a prison term of 15 years to life. In the agreement, Patrick agreed to provide "truthful testimony against Martin Torres concerning the murder of Morgan Mason and Wilma Mason and the [r]esidential [b]urglary and [r]obbery of Morgan and Wilma Mason." The agreement included a provision that, if Patrick failed to testify truthfully, the agreement would be set aside, the charges and allegations would be reinstated, and she would receive a life sentence without the possibility of parole. The plea agreement did not set out a factual basis for the plea and did not specify the theory of liability for Patrick's

---

[2] Unspecified statutory references are to the Penal Code.

murder convictions. The minute order for the change-of-plea hearing stated that the trial court found there was a factual basis for the plea, but it set out no facts and did not reference any other evidence, such as the testimony at Patrick's preliminary hearing.

Patrick testified at Torres's trial in March 1996. On April 30, 1996, Patrick was sentenced to concurrent terms of 15 years to life on counts 1 and 2, and counts 3 through 8 were dismissed. The record on appeal does not indicate whether Torres was convicted at trial and, if so, what sentence he received.

On January 17, 2019, Patrick acting in propria persona, filed a petition for resentencing pursuant to section 1170.95 (petition). She declared that she was convicted of second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine and that she could not now be convicted of murder under the changes made to sections 188 and 189, effective January 1, 2019. Upon request, the trial court appointed counsel to represent Patrick on her petition.

The district attorney opposed Patrick's petition. The district attorney acknowledged that the information against Patrick allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine but argued that Patrick had nonetheless failed to make a prima facie case under section 1170.95. With respect to victim Mrs. Mason, the district attorney maintained that Patrick was the actual killer. In support of this assertion, the district attorney cited Patrick's testimony from Torres's trial in which Patrick said she put the duct tape on Mrs. Mason's mouth. The district attorney also contended, based on evidence from Torres's trial, that Patrick was a major participant in the underlying felony, who acted with reckless indifference to human life.[3]

---

[3] In addition, the district attorney argued that Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437)—which added section 1170.95 and amended sections 188 and 189 (Stats. 2018, ch. 1015)—is unconstitutional. The trial court did not reach this argument, and that issue is not before us on appeal.

In support of its opposition to Patrick's petition, the district attorney attached the amended information; Patrick's plea agreement; the minute order from her change of plea hearing; the abstract of judgment; the probation report; testimony from a witness at Patrick's preliminary hearing; some of Patrick's testimony at Torres's trial; and legislative history for section 1170.95.

On May 21, 2019, the trial court denied Patrick's petition, ruling that Patrick had failed to make a prima facie showing for relief under section 1170.95. The trial court stated that, in making its decision, it had reviewed the petition, the People's opposition, including the attachments to the opposition, and "readily available information" from the court's file.[4] The trial court did not specify in its ruling what it had reviewed from the court file or whether it had given the parties an opportunity to review those materials.

The trial court stated, "[t]he facts in this case are sufficient to establish that the petitioner, Tara Patrick, was the actual killer of the victim identified as Mrs. Mason. [¶] As to the victim Mr. Mason, the facts in this case are sufficient to establish that the petitioner [] was a major participant in the underlying felony burglary and robbery of the murder victim and she acted with reckless indifference to human life." The trial court based these factual conclusions on Patrick's testimony at trial and on testimony from the preliminary hearing (both partially excerpted in the district attorney's opposition).

Patrick did not timely appeal the trial court's denial of her petition but later sought in this court a request for relief from default. On April 30, 2020, this court granted Patrick relief from failing to timely file a notice of appeal. Pursuant to this court's order, Patrick filed a notice of appeal on May 4, 2020.

On appeal, Patrick argues the trial court erred in not issuing an order to show cause because, in denying Patrick's petition at the prima facie stage, the court wrongfully

---

[4] The record on appeal does not contain any reply by Patrick to the district attorney's opposition, and the trial court did not reference such a document when listing the materials it had reviewed prior to ruling on the petition.

resolved disputed factual inferences against her. Patrick asserts that nothing in the record established as a matter of law that Patrick was the actual killer of either of the Masons or that she was a major participant in the felony who acted with reckless indifference to human life. Patrick also contends the trial court erred in reviewing materials other than the petition or the charging document when deciding whether Patrick had made a prima facie case for relief. The Attorney General has conceded that the trial court erred in summarily denying Patrick's petition. For the reasons set forth below, we agree.

## II. DISCUSSION

A. *Applicable Law*

" 'Senate Bill 1437, which took effect on January 1, 2019, "addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine[.]" [Citation.] Prior to Senate Bill 1437's enactment, a person who knowingly aided and abetted a crime, the natural and probable consequence of which was murder or attempted murder, could be convicted of not only the target crime but also of the resulting murder or attempted murder. [Citations.] "This was true irrespective of whether the defendant harbored malice aforethought. " ' " (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1052 (*Soto*), review granted on other grounds Sept. 23, 2020, S263939.)

" 'Senate Bill 1437 "redefined 'malice' in section 188. Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on [his or her] participation in a crime.' [Citation.]" [Citation.] Senate Bill 1437 also amended section 189, which defines first and second degree murder, by, among other things, adding subdivision (e). Under that subdivision, a participant in enumerated crimes is liable under the felony-murder doctrine only if he or she was the actual killer; or, with the intent to kill, aided and abetted the actual killer in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life. [Citations.] Senate Bill 1437 thus

5

ensures that murder liability is not imposed on a person who did not act with implied or express malice, was not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Soto*, *supra*, 51 Cal.App.5th at p. 1053.)

Senate Bill 1437 also added section 1170.95, which states that " '[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when [specified] conditions apply.' " (*Soto*, *supra*, 51 Cal.App.5th at p. 1053; § 1170.95, subds. (a) & (d)(3).)

Section 1170.95, subdivision (c) "provides '[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.' " (*People v. Drayton* (2020) 47 Cal.App.5th 965, 973–974 (*Drayton*).) Section 1170.95, subdivision (d) "describes the timing and standard of proof for the hearing the trial court must conduct if it issues an order to show cause and the parties have not stipulated to resentencing." (*Drayton*, at p. 974.) At this hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

B. *Analysis*

Patrick's appeal involves a question of law—that is, whether the trial court had the authority to engage in independent factfinding when summarily denying her petition under section 1170.95, subdivision (c). That question is one of statutory interpretation, which we review de novo. (*People v. Cooper* (2020) 54 Cal.App.5th 106, 115.)

As this court has previously described, "when assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd. (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton*, *supra*, 47 Cal.App.5th at p. 980.) A trial court may not evaluate and weigh the evidence under section 1170.95, subdivision (c). (See *id.* at p. 982.)

Patrick's petition asserted that she "pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial because [she] believed [she] could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine." It also asserted she was "convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine." These assertions were sufficient to trigger the issuance of an order to show cause by the trial court unless readily ascertainable facts from the record established they were untrue as a matter of law. (§ 1170.95, subds. (a) & (c); *Drayton*, *supra*, 47 Cal.App.5th at p. 980.)

Nothing in the record from Patrick's conviction established, as a matter of law and without additional factfinding, that she was not convicted of murder under either a theory

of natural and probable consequences or the felony-murder doctrine. Patrick was charged with residential robbery and residential burglary, crimes that could well have formed the basis for a conviction on a felony-murder theory. (See *People v. Suarez* (2020) 10 Cal.5th 116, 169 [" 'Liability for first degree murder based on a felony-murder theory is proper when the defendant kills in the commission of robbery, burglary, or any of the other felonies listed in section 189.' "]; § 189, subd. (a).) Nothing in the record of Patrick's conviction established that she had been convicted of either of the Masons' death on the theory that she was the actual killer of either of them. Similarly, nothing in the record established as a matter of law that Patrick was a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).)

In addition, Patrick committed her crimes under circumstances that, at least in theory, could trigger the application of the natural and probable consequences doctrine. (See *Soto*, *supra*, 51 Cal.App.5th at p. 1058 ["The natural and probable consequence doctrine . . . is a theory of liability by which an aider and abettor who intends to aid a less serious crime can be convicted of a greater crime."].) Under the prosecution's own theory of the case, Patrick played a more limited role in the Masons' death than did Torres. The plea agreement, for example, lists as a consideration for the agreement "the nature of [Patrick's] involvement in this matter," suggesting the prosecution believed Torres was primarily responsible for the crimes. Moreover, only Torres was charged with the special circumstances. The information and the underlying facts permit an inference that Patrick could have been aiding and abetting Torres in a number of crimes—the natural and probable consequences of which were murder. Nothing in the record of her conviction refutes this possibility as a matter of law.

Instead of pointing to anything in Patrick's record of conviction that established the theory of murder upon which she was convicted, the district attorney instead argued that Patrick could now be convicted of murder based on facts drawn from evidence presented at Torres's trial and testimony from Patrick's preliminary hearing. The district

8

attorney by implication argued that the trial court could engage in this factfinding when assessing whether Patrick had made a prima facie case for relief under section 1170.95, subdivision (c). In its ruling, the trial court appears to have agreed with this reading of the statute.

In denying Patrick's petition, the trial court engaged in factfinding based upon its independent review of materials submitted by the district attorney. In particular, the trial court found that the facts were "sufficient" to establish that Patrick was the actual killer of Mrs. Mason and was a major participant who acted with reckless indifference to human life with respect to Mr. Mason. The trial court drew these factual conclusions based own its own review of testimony from Torres's trial and Patrick's preliminary hearing.

As this court has explained, however, the trial court did not have the authority to engage in this kind of factfinding without having first issued an order to show cause and allowing the parties to present evidence at a hearing at which the prosecution bears the burden of proof. (*Drayton*, *supra*, 47 Cal.App.5th at p. 980.) In light of the record here, the trial court erred in not issuing an order to show cause and conducting a hearing pursuant to section 1170.95, subdivision (d) at which the prosecution will bear the burden of proving, beyond a reasonable doubt, that Patrick is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)

For these reasons, we reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c) and hold a hearing pursuant to section 1170.95, subdivision (d). We express no opinion about Patrick's ultimate entitlement to relief following the hearing. (§ 1170.95, subd. (d)(2).) In light of this conclusion, we need not address Patrick's contentions that the trial court erred in relying on evidence presented at her preliminary hearing and at Torres's trial or that her counsel was constitutionally ineffective for failing to object to the trial court's consideration of that evidence.

## III. DISPOSITION

The order denying Patrick's petition to vacate her murder convictions and for resentencing is reversed. The matter is remanded to the superior court with directions to issue an order to show cause (Pen. Code, § 1170.95, subd. (c)) and hold a hearing to determine whether to vacate Patrick's murder convictions and recall her sentence and resentence her. (Pen. Code, § 1170.95, subd. (d)).

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P.J.



_____
Grover, J.



**H047628**
*People v. Patrick*